OPINION
The plaintiff-appellant, Robert Motycka ("appellant"), appeals the final decree of divorce issued by the Van Wert County Court of Common Pleas on July 29, 1999. For the following reasons, we reverse the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. The appellant and Janet Motycka ("appellee") were married on April 8, 1968 in Gallatin, Tennessee. There were three children born as issue of the marriage, only one of which is still a minor at this time. On August 10, 1998, the appellant filed a complaint for divorce in the Van Wert County Court of Common Pleas.
A final hearing before the court's magistrate was held on January 8, 1999, where each party was given an opportunity to present their case. The magistrate filed a report on January 20, 1999 recommending that the parties be granted a divorce from each other and making findings of fact as to parental rights and responsibilities, property division, and spousal support. The appellant filed objections to the report of the magistrate on February 3, 1999. On February 11, 1999, the trial court ruled on the appellant's objections and entered judgment correcting a few oversights in the magistrate's report.
Thereafter, on February 22, 1999, the appellant filed a request for findings of facts and conclusions of law and for further hearing. The trial court ordered both parties to furnish proposed findings of facts and conclusions of law. On July 29, 1999, the court issued a Final Decree of Divorce and denied the appellant's request for hearing on the findings of fact and conclusions of law. It is from this judgment that the appellant now appeals, asserting three assignments of error.
 Assignment of Error No. 1 The trial court failed as matter of law and fact [sic] to apply Ohio Revised Code 3105.171 in determining an equitable division of property.
 Assignment of Error No. 2 The trial court committed error in not producing a transcript of the final hearing before ruling on the objections to the magistrate's report or granting further hearing on the Findings of Fact and Conclusions of Law.
 Assignment of Error No. 3 The magistrate erred in awarding the defendant spousal support.
In the interest of clarity and brevity, we will address the appellant's second assignment of error first.
The appellant argues that the trial court erred in ruling on his objections to the magistrate's report without reviewing a transcript of the hearing. We agree and find the appellant's argument well taken.
Civil Rule 53(C)(3) sets forth the procedure for filing objections to a magistrates report. Civ.R. 53(C)(3)(b) provides:
 Objections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
 Although this rule clearly states that a transcript or an affidavit of the evidence must accompany a party's objection to a magistrate's decision, the rule does not establish a time within which the objecting party must file such evidence. Shull v. Shull (Dec. 8, 1999), Union App. No. 14-99-31, unreported; see also McLendon v. McLendon
(Oct. 7, 1998), Muskingum App. No. CT98-0115, unreported.
The appellant filed a timely objection to the magistrate's report and, at the same time, requested that a transcript of the final hearing be prepared. On February 11, 1999, eight days later, the trial court ruled on the appellant's objections. The record in this case indicates that a transcript of the final hearing was not prepared until September 8, 1999 and not filed until October 1, 1999, as part of the appellate record.
While the burden is on the objecting party to provide a transcript of the proceedings before the referee, Civ.R. 53 does not outline the procedure for obtaining the transcript. However, Local Rule 22.05 of the Court of Common Pleas of Van Wert County, General Division, specifically provides the following.
 If a transcript of the trial or hearing is necessary to support objections, the transcript must be filed by the moving party within thirty (30) days after the filing of the objections unless the Court, in writing, extends the time.
 The appellant clearly requested a transcript of the final hearing in his objections to the magistrate's report. The trial court ruled on the appellant's objections only eight days after they were filed. While there is no indication in the record that the appellant had taken the steps to have a transcript prepared, the rules clearly require that he be given at least thirty days to do such. Therefore, the trial court did not give the appellant the required time in which to file the transcript as required by its own local rules.
The record reveals that no transcript existed at the time the trial court ruled on the appellant's objections. Furthermore, there is no recitation by the trial judge indicating that he reviewed the evidence of the final hearing in an alternative form. We find that it is an abuse of discretion for the trial court to rule on the appellant's objections without reviewing the evidence.
Accordingly, the appellant's second assignment of error is sustained and the matter is remanded to allow the trial court to review the appellant's objections with the filed transcript.
Due to our disposition of the appellant's second assignment of error, we find that the first and third assignments of error have been rendered moot.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
BRYANT, P.J., and WALTERS, J., concur.